UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE SHANNON,

        Plaintiff(s),

    v.

USPS ET AL,

        Defendant(s).
_____/

No. C-14-00004 DMR

**ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF MISSISSIPPI**

On January 2, 2014, Plaintiff Bruce Shannon filed a complaint against the U.S. Postal Service, the State of Mississippi, and Methodist Hospital in Jackson, Mississippi, along with an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The court denied the IFP application and Plaintiff filed an amended complaint on February 4, 2014. [Docket Nos. 8, 9.]

According to Plaintiff's Amended Complaint, the incidents that form the basis of his complaint took place in Jackson, Mississippi, and Plaintiff lives in San Francisco, California. Based on Plaintiff's allegations, it appears that the proper venue for this case is the Southern District of Mississippi because that is where "a substantial part of the events or omissions giving rise to the

claim occurred." 28 U.S.C. § 1391(b)(2).[1] When a plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a).

On March 27, 2014, the court issued an Order to Show Cause why the case should not be transferred to the Southern District of Mississippi and ordered Plaintiff to show legal authority for venue in this district by no later than April 11, 2014. [Docket No. 11.] Plaintiff did not respond. Accordingly, the court hereby orders the clerk to transfer this case to the Southern District of Mississippi.[2]

IT IS SO ORDERED.

Dated: April 18, 2014



DONNA M. RYU
United States Magistrate Judge

---

[1] In his Complaint, Plaintiff states that he is filing under 42 U.S.C. § 1983 and alleges that this Court has federal question jurisdiction over this case. Pursuant to 28 U.S.C. § 1391, a case in which jurisdiction is not based solely on diversity of citizenship may be filed only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

[2] To the extent that this order may be dispositive, the court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties)).

2